UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARY E. CUNNINGHAM,

                                Plaintiff,                                    07 CV 4586 (MGC) (DCF)

   -against-                                                          **ANSWER WITH**
                                                                     **JURY DEMAND**

AMERICAN AIRLINES, INC.,

                                Defendants.
------------------------------------------------------------------------X

       Defendant, AMERICAN AIRLINES, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for a Answer to the Complaint of plaintiff herein, respectfully sets forth as follows, upon information and belief:

       FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiff's Complaint.

       SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "2 of the plaintiff's Complaint.

       THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "3" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

       FOURTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the plaintiff's Complaint.

FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiff's Complaint.

SIXTH:  Denies the truth of the allegations contained in the paragraph designated as "6" of the plaintiff's Complaint.

SEVENTH:  Denies the truth of the allegations contained in the paragraphs designated as "7" of the plaintiff's Complaint.

EIGHTH:  Denies the truth of the allegations contained in the paragraphs designated as "8" of the plaintiff's Complaint.

NINTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "9" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

TENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "10" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

ELEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "11" in the plaintiff's Complaint

and refers all questions of law to this Honorable Court.

TWELFTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "12" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

THIRTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "13" in the plaintiff's Complaint.

FOURTEENTH:  Denies the truth of the allegations contained in the paragraphs designated as "14" of the plaintiff's Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:  The defendant took all necessary measures to avoid the occurrence alleged in plaintiff's Complaint.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Pursuant to tariffs on file with the Department of Transportation of the Untied States, defendant's liability, if any, is partial only and limited.

## AS AND FOR A THIRD SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  The liability of defendant, if any, with respect to the injuries allegedly sustained by plaintiff, is limited in accordance with all conditions of carriage, conditions of contract and tariffs.

## AS AND FOR A FOURTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:  If the plaintiff sustained or suffered damages as alleged in the Complaint, which defendant expressly denies, such damages were sustained by reason of the negligence or other culpable conduct of persons or entities over whom defendant exercised no control or supervision, and not by reason of any negligent or culpable conduct of defendant.

## AS AND FOR A FIFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:  If the plaintiffs sustained or suffered damages alleged in the Complaint, which defendant expressly denies, such damages were caused, in whole or in part, by the negligence of plaintiff or any other wrongful conduct of plaintiff and to the extent of their culpability, plaintiff is barred from recover or, alternatively, shall have their damages reduced in the proportion that his culpable conduct bears to all conduct causing or contributing to said damages.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiffs sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR AN SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: Upon information and belief, this Court has not acquired *in personam* jurisdiction over the answering defendant based upon improper service of process.

## AS AND FOR A NINTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:  Plaintiff's Complaint fails to state a cause of action against the answering defendant.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  That all risks and dangers of losses connected with the situation alleged in the complaint were at all times and places mentioned obvious and apparent and were known to the plaintiff and were voluntarily assumed by him.

### AS AND FOR A ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH:  That any injuries or damages which may have been sustained, if any, were caused in whole or in part by an intervening event.

### AS AND FOR A TWELFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH:  If answering defendant is found liable, and such liability is less than or equal to 50% of the total liability of all persons and/or entities who may be found liable, then answering defendant's liability shall be limited to their equitable shares, pursuant to Article 16 of the CLPR.

### AS AND FOR A THIRTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:  Plaintiff's claims are barred in whole or in part by the doctrine of  preemption under the provisions of the Federal Aviation Act and Airline Deregulation Act of

1978.

## DEMAND FOR A JURY TRIAL

TWENTY-EIGHTH: Defendant demands a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

**WHEREFORE,** defendant, AMERICAN AIRLINES, INC., demands judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
       June 1, 2007

                                          Respectfully submitted,

                                          **RUTHERFORD & CHRISTIE, LLP**

                                          BY:    s/ David S. Rutherford
                                                       David S. Rutherford (DR 8564)
                                                       Attorneys for Defendant
                                                       AMERICAN AIRLINES, INC.
                                                       300 East 42nd Street, 18th Floor
                                                       New York, New York 10017
                                                       (212) 599-5799

TO:    The Jacob D. Fuchsberg Law Firm, LLP
         Attorneys for Plaintiff
         500 Fifth Avenue, 45th Floor
         New York, New York 10110
         (212) 869-3500
         Attention:   Melvin C. Hartman, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **ANSWER WITH JURY DEMAND and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** was furnished via first-class mail to the offices of The Jacob D. Fuchsberg Law Firm, LLP, 500 Fifth Avenue, 45th Floor, New York, New York 10110, Attention:  Melvin C. Hartman, Esq., on this 1st day of June, 2007

                                                      s/ David S. Rutherford
                                                    David S. Rutherford (DSR 8564)